IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-502-FL

| | | |
|---|---|---|
| JONATHAN P. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SECRETARY OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for lack of jurisdiction and failure to state a claim (DE 8). Plaintiff responded, including with a motion for extension of time to serve (DE 12). The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the following reasons, defendant's motion is granted in part and denied in part. Plaintiff's motion for extension of time to serve is granted in part, as set forth herein.

## STATEMENT OF THE CASE

Plaintiff commenced this action pro se on October 4, 2017, asserting claims for violation of his civil rights and constitutional rights arising from an investigation conducted by the Army Criminal Investigation Division ("CID"). Specifically, plaintiff asserts the following claims:

1) Conspiracy against rights in violation of 18 U.S.C. § 241 ("Count I");

2) Deprivation of rights under color of law in violation of 18 U.S.C. § 242 ("Count II");

3) Engaging in an unlawful pattern or practice that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws in violation of 34 U.S.C. §

12601 ("Count III");[1]

4) Violation of plaintiff's rights under color of state law, pursuant to 42 U.S.C. § 1983. ("Count IV");

5) Conspiracy to interfere with civil rights under 42 U.S.C. § 1985. ("Count V");

6) Violation of plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution (collectively "Count VI, VII, and VIII");

7) Violation of the Privacy Act of 1974, 5 U.S.C. § 552a. ("Count IX");

8) Unlawful discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 24 U.S.C. § 2000d. ("Count X");

9) Violation of the Administrative Procedure Act in conducting the criminal investigation against defendant under 5 U.S.C. § 702. ("Count XI").

10) Violation of the Freedom of Information Act, 5 U.S.C. § 552. ("Count XII").

Plaintiff seeks damages, as well as declaratory and injunctive relief requiring defendant to reopen the investigation into his case to correct alleged errors in the investigatory process.

Defendant raises multiple grounds for dismissal of the claims against him, as detailed further in the court's discussion herein. In support of the motion to dismiss, defendant relies in part on supporting documents, including an order of dismissal from the EEOC without prejudice ("EEOC Order") (DE 9-1), and a letter of decision regarding plaintiff's request to amend the Report of Investigation in his case ("Appeal Letter") (DE 9-2).

In opposition to defendant's motion to dismiss, plaintiff submits extensive documentation detailing the criminal investigation against him, including 1) investigative reports written by CID's

---

[1] This statute was formerly codified at 42 U.S.C. §14141.

agents ("CID Reports" (DE 1-2, 1-6, 1-8, 1-11, 1-12, 1-13, 1-22, 1-24)), 2) sworn statements and declarations made by plaintiff and other relevant individuals ("Statements and Declarations" (DE 1-3, 1-7, 1-9, 1-17, 1-21, 1-23, 1-25, 1-27), 3) other evidence submitted during the CID investigation and subsequent court proceedings ("CID Investigation Evidence" (DE-1-4, 1-5, 1-10, 1-14, 1-15, 1-16, 1-18, 1-19, 1-20).[2] In plaintiff's response to the motion to dismiss, plaintiff also requests the court excuse him for failure to properly serve the defendant in this case pursuant to the Federal Rules of Civil Procedure (DE 13 at 3). The court shall construe this statement as a motion for extension of time to serve, and will consider it in conjunction with defendant's rule 12(b)(5) motion.[3]

## STATEMENT OF FACTS

The facts alleged in the complaint may be summarized as follows.[4] Plaintiff worked for the Army as a civilian employee in the Program Executive Office Command, Control, Communication-Tactical at Fort Bragg in North Carolina. (Compl. ¶ 2). On September 24, 2012, Derek Kinlaw ("Kinlaw"), plaintiff's co-worker, reported to the Army Criminal Investigative Division ("CID") that plaintiff had stolen military equipment from the government while plaintiff was assigned to work in Iraq. (Id. ¶ 4.b.). CID then subsequently conducted an investigation into the activities of plaintiff based on the testimony of Kinlaw and plaintiff's other co-workers, including Richard Crider ("Crider"), and Raymond Krechko ("Krechko"). (Id.). During that investigation, CID found that plaintiff and his wife had been selling military equipment on eBay. (Id.).

---

[2]An index of exhibits in support of plaintiff's complaint can be found at (DE 1-1). Plaintiff also submits documentation in response to the motion to dismiss at (DE 13, DE 16).

[3]At the time the response was filed, the court inadvertently did not recognize this paragraph as including an embedded cross-motion, but in light of the discussion herein, the court shall rule on the motion in conjunction with defendant's motions.

[4] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to the amended complaint filed November 21, 2017, (DE 53), unless otherwise specified.

Plaintiff disputed the allegations as CID conducted its investigation and provided his own theory to the investigators in his defense. Specifically, according to plaintiff, he had not stolen the military equipment in his possession, but he had lawfully obtained the equipment through valid sales of government liquidation products. (Id. ¶ 4.e.). Furthermore, according to plaintiff, Kinlaw and Crider fabricated their testimony to CID in order to cover up their own thefts of government property, while Krechko lied about the theft in retaliation for plaintiff previously counseling him for violating employee policies. (Id. ¶¶ 4.b, 4.f.).

CID concluded from its investigation that probable cause existed to find that plaintiff had stolen government property; however, criminal proceedings were not instituted by the United States Attorney's Office because the prosecution allegedly did not believe it could meet its burden of proof at trial. (Id. ¶¶ 4.i., 4.j.). Plaintiff appealed the findings of CID, seeking to have the investigative report corrected. (Id. ¶ 4.i.). Plaintiff alleges that CID's investigation of him was an act of racial discrimination, that similarly situated white co-workers were not investigated for committing the same crime, and that CID's handling of the investigation violated plaintiff's constitutional rights, making the factual findings fundamentally flawed and injuring plaintiff as a consequence.

The court also notes the following facts pertinent to the instant motion. Plaintiff initially raised his claim of racial discrimination in violation of Title VII by filing a Charge of Discrimination with the EEOC, but later voluntarily dismissed the EEOC action without prejudice on June 14, 2017. (EEOC Order (DE 9-1) at 1). Additionally, plaintiff appealed to the U.S. Army Criminal Investigation Command to amend the CID's investigative report on August 12, 2016, but his appeal was denied on November 21, 2017. (Appeal Letter (DE 9-2) at 1). Plaintiff was advised to appeal the amendment denial by writing to the Army Board for Correction of Military Records. (Appeal Letter at 2).

4

Additional facts pertinent to the instant motions will be discussed below.

## COURT'S DISCUSSION

A. Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. See Fed. R. Civ. P. 12(b)(5). "When the process gives the defendant actual notice of the pendency of the action, the rules ... are entitled to a liberal construction" and "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Nevertheless, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Id. The plaintiff bears the burden of establishing that process properly has been served. Dalenko v. Stephens, 917 F. Supp. 2d 535, 542 (E.D.N.C. 2013); see also Mylan Labs., Inc. v. Akzo, N.V.,

2 F.3d 56, 60 (4th Cir. 1993) (holding the plaintiff must prove service of process if challenged).

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

1. 18 U.S.C. §§ 241 and 242 (Counts I and II)

Although 18 U.S.C. §§ 241 and 242 both address civil rights, they are federal criminal statutes and do not create civil liability or confer civil jurisdiction upon the United States courts. 18 U.S.C. §§ 241, 242; see Hutchinson v. Miller, 797 F.2d 1279, 1285 (4th Cir. 1986) (noting these statutes impose criminal rather than civil penalties). Consequently, Counts I and II must be dismissed with prejudice for failure to state a claim.

2. 34 U.S.C. § 12601 (Count III)

Federal law prohibits certain agencies from "[e]ngaging in an unlawful pattern or practice ... that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 34 U.S.C. § 12601(a). However, the statute does not create a private cause of action. See id. Instead, the statute only provides that the Attorney General "may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice." 34

U.S.C. § 12601(b). Consequently, Count III must be dismissed with prejudice for failure to state a claim.

       3.      42 U.S.C. §§ 1983 and 1985 (Counts IV and V)

Where a person acting under color of law violates the rights guaranteed to another person under the Constitution or federal law, the injured party may bring an action for relief. 42 U.S.C. § 1983. However, the statute is only applicable where the actions taken by defendant are under "color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia...." Id.; see, e.g, Sullivan v. United States, No. 7:04–CV–103–FL(1), 2004 WL 3362495 at *2 (E.D.N.C. July 7, 2004). Here, any acts or omissions on the part of defendant would have been taken according to their office under federal law, not state law. Therefore, Section 1983 does not provide a cause of action and Count IV must be dismissed with prejudice for failure to state a claim.

A person may be held liable for conspiracy to deprive "any person or class of persons of the equal protection of the laws...." 42 U.S.C. § 1985; United Bhd. of Carpenters & Joiners of Am., Local 610, AFL–CIO v. Scott, 463 U.S. 825, 827 (1983). However, the United States has not waived sovereign immunity for violations of the statute committed by federal officials in their official capacities. See 42 U.S.C. § 1985; Davis v. U.S. Dep't of Justice, 204 F.3d 723, 726 (7th Cir. 2000); Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999); Johnson v. North Carolina, No. 4:14–CV–50–FL, 2015 WL 413607, at *4 (E.D.N.C. Jan. 30, 2015), aff'd sub nom. 668 F. App'x 45 (4th Cir. 2016). Here, plaintiff has not alleged that any acts taken by defendant were as an individual, but instead that employees working for defendant violated his constitutional rights. (Compl. ¶ 5). Thus, plaintiff's suit is against defendant in his official capacity, and is barred by sovereign immunity. As a result, Count V must be dismissed with prejudice for lack of subject matter jurisdiction.

5.   Bivens

A Bivens[5] claim against federal officials can be brought to remedy a violation of a person's constitutional rights. See Camreta v. Greene, 563 U.S. 692, 705 (2011); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1856 (2017) ("Bivens does vindicate the Constitution by allowing some redress for injuries..."). However, Bivens claims for monetary damages against the United States, federal agencies, or public officials acting in their official capacities are barred by the doctrine of sovereign immunity. See FDIC v. Meyer, 510 U.S. 471, 475, 477-79 (1994) (holding that the jurisdictional provision of the FTCA did not waive sovereign immunity with respect to constitutional torts); Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] Bivens action does not lie against either agencies or officials in their official capacities."). Taking the facts in plaintiff's complaint as true, defendant did not commit any acts outside his official capacity as Secretary of the Army. (Compl. ¶ 5). Accordingly, plaintiff may not recover monetary damages.

Where appropriately pleaded, a plaintiff may seek equitable relief for constitutional violations against a federal officer in his or her official capacity without being barred by sovereign immunity. See Kirby v. City of Elizabeth City, N.C., 388 F.3d 440, 452 n. 10 (4th Cir. 2004); see, e.g., Carias v. Harrison et al, No. 5:13–CT–3264–FL, No. 5:14–CT–3104–FL, 2016 WL 1171544 at *10 (E.D.N.C. Mar. 23, 2016), aff'd, 705 F. App'x 181 (4th Cir. 2017). Moreover, "the denial of a constitutional right, if denial is established, constitutes irreparable harm for purposes of equitable jurisdiction." Ross v. Meese, 818 F.2d 1132, 1135 (4th Cir. 1987). Here, plaintiff has asked the court for an injunction ordering defendant to strike certain information from an investigative report and to send a letter notifying interested parties of the correction. (Compl. ¶¶ 6.j., 6.l.). Plaintiff

---

[5]Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

asserts violations of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments led to the filing of an unsubstantiated report that has been substantially damaging to him. (Compl. ¶¶ 4.a., 4.i.). The court will address each of these claims in turn.

    a.    Fourth Amendment (Count VI)

Consent searches are reasonable under the Fourth Amendment if consent is 1) knowing and voluntary, and 2) given by one with authority to consent. United States v. Buckner, 473 F.3d 551, 554 (4th Cir. 2007). A third-party has authority to consent to a search of property when she possesses "common authority over or other sufficient relationship to the ... effects sought to be inspected." Id. (citing United States v. Matlock, 415 U.S. 164, 171 (1974)).

Plaintiff alleges that a search of his home by CID agents while he was serving in Afghanistan violated his Fourth Amendment rights. Plaintiff claims that the search was illegal, citing one of the CID Reports issued during the investigation. ("CID Reports" (DE 1-13) at 1). Plaintiff does not allege any facts, however, tending to show that the search was illegal. To the contrary, the document to which plaintiff refers states that plaintiff's wife consented to the search:

> SGT HACKE requested consent to conduct a search of [Mrs. Graham's] garage and basement to look for items of stolen Government property as well as any property that had missing or damaged serial numbers. SA SMITH related to Mrs. GRAHAM that this investigation was focused on the reported larceny of Government property that included laptop and desktop computers, pelican cases, computer routing components, audio equipment that may be Government property. <u>Mrs. GRAHAM provided consent to conduct a search of her garage and basement storage area.</u>

(CID Reports (DE 1-13) at 1 (emphasis added); <u>see</u> Statements and Declarations (DE 1-17) at 1). Here there is no basis to infer a lack of knowledge or consent, since the agents explained that they were conducting a valid investigation. (Id.). Moreover, since Mrs. Graham lived at the residence as well, the agents reasonably believed that she had common authority over the areas searched.

Although plaintiff argues that agents violated his rights by carrying out the seizure of his

property, no unlawful seizure occurred under the facts alleged. (Id. at 2). Consequently, plaintiff's Fourth Amendment Claims must be dismissed without prejudice for failure to state a claim.

        b.        Fifth Amendment (Count VII)

The Fifth Amendment requires the federal government to provide equal protection under the law. See Bolling v. Sharpe, 347 U.S. 497, 498 (1955). In order to state a claim for an equal protection violation, "a plaintiff must show not only that similarly situated individuals were treated differently, but that there was clear and intentional discrimination." Cent. Radio Co. Inc. v. City of Norfolk, Va., 811 F.3d 625, 635 (4th Cir. 2016) (internal quotations omitted). Plaintiff must show "that the decisionmaker ... selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Cent. Radio Co., 811 F.3d at 635 (internal quotations omitted).

Defendant does not provide a basis for dismissing plaintiff's Fifth Amendment equal protection claim for failure to state a claim. The court leaves for another day consideration of this claim on a more complete record. Accordingly, defendant's motion to dismiss is denied in this part.

        c.        Fourteenth Amendment (Count VIII)

Plaintiff's claims under the Fourteenth Amendment fail as a matter of law because the guarantees of equal protection is enforced against the federal government through the Fifth Amendment. See Bolling, 347 U.S. at 498. Therefore, the court dismisses plaintiff's Fourteenth Amendment claims with prejudice for failure to state a claim.

    6.        Privacy Act (Count IX)

The Privacy Act of 1974 authorizes federal civil actions to compel compliance with the Act and award damages in appropriate circumstances. 5 U.S.C. § 552a(g)(1), (4); Aquino v. Stone, 957 F.2d 139, 141 (4th Cir. 1992). However, an agency "which performs as its principal function any

activity pertaining to the enforcement of criminal laws" may by regulation exempt records from the requirements of the Privacy Act. 5 U.S.C. § 552a(j). To do so, the records must be "information complied for the purpose of a criminal investigation...." Id. Here, the Army has promulgated appropriate regulations to exempt the CID's Criminal Investigation and Crime Laboratory Files, which includes reports of investigations. 32 C.F.R. §§ 505 App'x D (g)(16), 633.12; see Aquino v. Stone, 957 F.2d 139, 141–42 (4th Cir. 1992) (discussing the prior applicable regulation). Plaintiff's complaint involves a CID report of investigation. (E.g., Compl. ¶ 4.b.). Therefore, the Privacy Act does not provide a cause of action. Count VII must be dismissed.

       7.       Title VII Claim (Count X)

When a plaintiff seeks to bring a Title VII claim for employment discrimination on the basis of race, the plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the EEOC. Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); Stebbins v. Nationwide Mut. Ins. Co., 382 F.2d 267, 268 (4th Cir. 1967). "Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Jones, 551 F.3d at 300. A voluntary dismissal of an administrative claim before the EEOC undermines process of narrowing the issues in a claim and fails to satisfy the exhaustion doctrine. See Jones, 551 F.3d at 300; Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005) ("Title VII, including the creation of the EEOC, reflects a congressional intent to use administrative conciliation as the primary means of handling claims, thereby encouraging quicker, less formal, and less expensive resolution of disputes.").

In this case, plaintiff properly filed a Charge of Discrimination under Title VII. (EEOC Order (DE 9-1) at 1). However, the parties agreed to a voluntary dismissal of all unsettled claims

in the complaint so CID could complete a reopened investigation in to the allegations against plaintiff. (EEOC Order (DE 9-1) at 1). The EEOC stated in its order that plaintiff would have one year from June 14, 2017 to timely reinstate his complaint. (EEOC Order (DE 9-1) at 1-2, 3). Plaintiff does not allege that he reinstated his complaint with the EEOC within one year of the order of dismissal. Accordingly, plaintiff failed to exhaust his administrative remedies for allegations of discrimination under Title VII. Count VIII must be dismissed without prejudice for failure to state a claim.

8. Administrative Procedure Act (Count XI)

The Administrative Procedure Act provides a cause of action "in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity...." See 5 U.S.C. § 702. To successfully state a claim challenging an administrative decision of the military, plaintiff must allege "the deprivation of a constitutional right, or an allegation that the military has acted in violation of applicable statutes or its own regulations." Guerra v. Scruggs, 942 F.2d 270, 276 (4th Cir. 1991). Additionally, plaintiff must exhaust available intraservice corrective measures. Id.

Plaintiff has failed to exhaust his intraservice corrective measures. On November 21, 2017, the Army Criminal Investigation Command sent a letter to plaintiff simultaneously denying his request to amend his CID report and his Freedom of Information Act request. (Appeal Letter (DE 9-2) at 1). The letter also described the appropriate avenue for exhausting administrative remedies with respect to each decision. With respect to correcting the CID report, plaintiff could appeal the amendment denial to the Army Board for Correction of Military Records ("ABCMR") (Appeal Letter (DE 9-2) at 2). Plaintiff does not allege that he appealed to the ABCMR, but instead he chose to file his complaint in federal court. Consequently, he failed to exhaust his intraservice corrective

12

measures, and a claim under the Administrative Procedure Act is not available. Count IX must be dismissed without prejudice for failure to state a claim.

9. Freedom of Information Act (Count XII)

"Before commencing litigation, a requester must ordinarily exhaust administrative remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency." Coleman v. Drug Enf't Admin., 714 F.3d 816, 820 (4th Cir. 2013). Here, plaintiff's FOIA request was denied. (Appeal Letter (DE 9-2) at 1). The letter providing the Army's decision also explained the administrative remedy for a FOIA decision was to appeal to the Secretary of the Army within 90 days of November 21, 2017. (Appeal Letter (DE 9-2) at 1-2). Plaintiff does not allege that he timely appealed his decision. Therefore, plaintiff failed to failed to exhaust his administrative remedies with respect to his FOIA claim. Count X must be dismissed without prejudice for failure to state a claim.

10. Insufficient Service of Process

Based on the foregoing, only plaintiff's Fifth Amendment claim under Bivens remains. Defendant also raises in its motion insufficient service of process. The Federal Rules of Civil Procedure require service within 90 days of the issuance of a summons. Fed. R. Civ. P. 4(c), 4(m). Where plaintiff fails to serve defendants, the court may dismiss the case or extend time for service if there is good cause to do so. Fed. R. Civ. P. 4(m). To serve process on a defendant who is an agency or officer of the United States in his official capacity, plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the [defendant]...." Fed. R. Civ. P. 4(i)(2). To "serve the United States," plaintiff must comply with the requirements of Fed. R. Civ. P. 4(i)(1). Based on the absence of a return of service, the docket shows plaintiff has failed to effectively serve process on defendant.

Plaintiff has not shown service on the United States, but requests additional time in order to properly serve defendant. In light of the fact that plaintiff is proceeding pro se and that service on the United States requires plaintiff to carefully observe the Federal Rules of Civil Procedure, the court grants plaintiff's motion to extend time for service with respect to plaintiff's remaining Fifth Amendment equal protection claim.

The court also permits, but does not require, plaintiff to file an amended complaint addressing the remaining Fifth Amendment claim as well as any claims dismissed without prejudice for failure to state a claim. If plaintiff chooses to file an amended complaint, he must do so within 30 days of the date of this order. In any event, plaintiff must serve defendant with his original complaint or any amended complaint within 60 days of the date of this order. Plaintiff must demonstrate proof of service within 75 days of the date of this order. Failure to file proof of service within the time period specified may result in dismissal of this action for failure to serve.

**CONCLUSION**

Based on the foregoing, defendant's motion to dismiss (DE 8) is GRANTED IN PART and DENIED IN PART as set forth herein. The following claims are dismissed with prejudice:

1) Conspiracy against rights in violation of 18 U.S.C. § 241 ("Count I");

2) Deprivation of rights under color of law in violation of 18 U.S.C. § 242 ("Count II");

3) Engaging in an unlawful pattern or practice that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws in violation of 34 U.S.C. § 12601 ("Count III");

4) Violation of plaintiff's rights under color of state law. 42 U.S.C. § 1983. ("Count IV");

5) Conspiracy to interfere with civil rights. 42 U.S.C. § 1985. ("Count V");

6) <u>Bivens</u> claim raised under the Fourteenth Amendment. (Count VIII);

7) Violation of the Privacy Act of 1974. 5 U.S.C. § 552a. ("Count IX");

8) Violation of the Freedom of Information Act. 5 U.S.C. § 552. ("Count XII").

The following claim is dismissed without prejudice for failure to state a claim:

1) <u>Bivens</u> claim for equitable relief due to violation of the Fourth Amendment. (Count VI).

The following claims are dismissed without prejudice for failure to exhaust available intraservice remedies:

1) Unlawful discrimination on the basis of race in violation of Title VII. 24 U.S.C. § 2000d. ("Count X");

2) Violation of the Administrative Procedure Act in conducting the criminal investigation against defendant. 5 U.S.C. § 702. ("Count XI").

The following claim is not dismissed:

1) <u>Bivens</u> claim for equitable relief due to violation of the Fifth Amendment. ("Count VII").

With respect to plaintiff's remaining constitutional claim, the court GRANTS plaintiff's motion (DE 12) for extension of time to properly serve defendant. The court allows, but does not require, plaintiff to file an amended complaint addressing the remaining Fifth Amendment claim as well as any claims dismissed without prejudice for failure to state a claim. If plaintiff chooses to file an amended complaint, he must do so within **30 days** of the date of this order. In any event, plaintiff must serve defendant with his original complaint or any amended complaint within **60 days** of the date of this order. Plaintiff must demonstrate proof of service within **75 days** of the date of this order. Failure to file proof of service within the time period specified may result in dismissal of this action for failure to serve.

SO ORDERED, this the 26th day of September, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge