IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-502-FL

| | | |
|---|---|---|
| JONATHAN P. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| SECRETARY OF THE ARMY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 23). The issues raised have been fully briefed by the parties, and in this posture are ripe for ruling. For the following reasons, defendant's motion is granted.

## STATEMENT OF THE CASE

Plaintiff, proceeding pro se, commenced this action on October 4, 2017, alleging numerous violations of federal law arising from an investigation into his affairs by the Army Criminal Investigation Division ("CID"). Defendant filed its first motion to dismiss for lack of subject matter jurisdiction, insufficient service of process, and failure to state a claim. On September 26, 2018, the court dismissed all of plaintiff's claims except his Bivens[1] claim for violation of the Fifth Amendment. The court allowed plaintiff leave to amend his complaint to correct deficiencies noted

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) recognized an implied cause of action against federal agents for violations of a plaintiff's constitutional rights. The United States Supreme Court extended Bivens to claims brought under the Fifth Amendment to the United States Constitution. See Davis v. Passman, 442 U.S. 228, 236–44 (1979).

in the court's order, and extended time for plaintiff to properly serve defendant. Plaintiff declined to amend his complaint, but perfected service on defendant. Thereafter, defendant filed the instant motion to dismiss.

## STATEMENT OF FACTS

The facts alleged in the complaint[2] may be summarized as follows. Plaintiff worked for the Army as a civilian employee in the Program Executive Office Command, Control, Communication-Tactical at Fort Bragg in North Carolina. (Compl. ¶ 2). On September 24, 2012, Derek Kinlaw ("Kinlaw"), plaintiff's co-worker, reported to CID that plaintiff had stolen military equipment from the government while plaintiff was assigned to work in Iraq. (Id. ¶ 4.b.). CID subsequently conducted an investigation into the activities of plaintiff collecting the testimony of Kinlaw and plaintiff's other co-workers, including Richard Crider ("Crider"), and Raymond Krechko ("Krechko"). (Id.). During that investigation, CID found that plaintiff and his wife had been selling military equipment on eBay. (Id.).

Plaintiff disputed the allegations as CID conducted its investigation and provided his own theory to the investigators in his defense. According to plaintiff, he had not stolen the military equipment in his possession, but he had lawfully obtained the equipment through valid sales of government liquidation products. (Id. ¶ 4.e.). Furthermore, Kinlaw and Crider fabricated their testimony to CID in order to cover up their own thefts of government property, while Krechko lied about the theft in retaliation for plaintiff previously counseling him for violating employee policies. (Id. ¶¶ 4.b, 4.f.).

---

[2] In footnote number four of the court's order dated September 26, 2018, the court made reference to amended complaint filed on November 21, 2017. This footnote was in error as plaintiff has never filed an amended complaint. Hereinafter, all references to the "complaint" in the text and to "Compl." in citations, both in this order and the court's order dated September 26, 2018, are to plaintiff's complaint (DE 1) filed October 4, 2017.

The Special Assistant United States Attorney ("AUSA") reviewing CID's investigation concluded that probable cause existed to find that plaintiff had stolen government property; however, criminal proceedings were not instituted by the United States Attorney's Office because it did not believe it could meet its burden of proof at trial. (Id. ¶¶ 4.i., 4.j.).

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Plaintiff alleges CID violated his constitutional rights by investigating him but not investigating white co-workers. A Bivens claim against federal officials can be brought to remedy a violation of a person's constitutional rights. See Camreta v. Greene, 563 U.S. 692, 705 (2011); see also Ziglar v. Abbasi, 137 S. Ct. 1843, 1856 (2017) ("Bivens does vindicate the Constitution by allowing some redress for injuries..."). "[T]he Constitution prohibits selective enforcement of the law based on considerations such as race." Whren v. United States, 517 U.S. 806, 813 (1996); see Reichle v. Howards, 566 U.S. 658, 665 n.5 (2012); United States v. Mason, 774 F.3d 824, 829 (4th

3

Cir. 2014); Williams v. Hansen, 326 F.3d 569, 585 (4th Cir. 2003). To prevail on a claim of selective law enforcement, plaintiff must allege "both discriminatory effect and that [the officer's action] was motivated by a discriminatory purpose." Mason, 774 F.3d at 829 (citing United States v. Armstrong, 517 U.S. 456, 465 (1996)); see Iqbal, 556 U.S. at 676 (citing Washington v. Davis, 426 U.S. 229, 240 (1976)).

"To show discriminatory effect, [plaintiff] must demonstrate . . . that 'similarly situated individuals of a different race' were not similarly targeted by law enforcement." Mason, 774 F.3d at 830 (citing United States v. Olvis, 97 F.3d 739, 743 (4th Cir.1996)). Factual allegations from which the court may infer discriminatory purpose include 1) evidence of a "consistent pattern" of actions by the decision maker disparately impacting a particular class of persons, 2) "historical background of the decision," 3) "the specific sequence of events leading up to the challenged decision," including "departures from the normal procedural sequence," and 4) "administrative history," including "contemporaneous statements . . . or reports." Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 266–68 (1977); Cent. Radio Co. Inc. v. City of Norfolk, Va., 811 F.3d 625, 635 (4th Cir. 2016) (internal citations omitted).

Plaintiff alleges CID investigated him for theft, but other co-workers, Kinlaw and Young, stole property and CID did not investigate them. (See Compl. ¶ 4.i.). This allegation is sufficient to allege discriminatory effect. See Mason, 774 F.3d at 830. However, even viewed in the light most favorable to plaintiff, the discriminatory effect alleged is not a consistent pattern sufficient to infer discriminatory purpose behind the CID's investigation. See Arlington Heights, 429 U.S. at 266 (discussing the "stark" patterns of discrimination necessary to give rise to an inference of discriminatory purpose); Cent. Radio Co., 811 F.3d at 635.

The limited historical background leading up to CID's investigation of plaintiff does not

allow a reasonable inference of invidious racial discrimination. At most, the court might infer that Kinlaw and Crider accused plaintiff of criminal conduct because plaintiff and his wife had previously complained of unequal pay discrimination on the basis of gender and age. (See Compl. ¶¶ 4.b.; 5/19/12 Letter (DE 1-5) at 1). However, allegations concerning age and gender do not implicate plaintiff's race. In fact, the only allegations plaintiff relies upon to support his contention that CID's investigation was racially motivated is that all the individuals testifying against him were white, and he is black. (See id. ¶ 4.b.). Plaintiff expects the court to make the inferential leap that the witnesses testifying against him, as well as the CID agents conducting an entire criminal investigation, acted in the manner they did because plaintiff is black. The court rejects such inference as unwarranted. See Iqbal, 556 U.S. at 683 (discussing failure to allege discriminatory purpose).

Similarly, the administrative history and procedural sequence of events in CID's investigation of plaintiff do not reveal discriminatory intent. On September 24 and 25, 2012, Kinlaw made a sworn statement to CID that plaintiff had been stealing property from the government and provided CID with certain pieces of evidence. (Kinlaw Statement (DE 1-3) at 1-2; Chain of Custody Form (DE 1-4) at 1). After receiving and processing the evidence from Kinlaw, CID investigated plaintiff's eBay account and found significant activity without the previous six months, and the items for sale were found in a deployed environment. (CID Investigation Report (DE 1-2) at 1-2). CID then attempted to determine if plaintiff had legitimately acquired the property he was selling. First, CID ascertained that plaintiff was not a purchase card holder with authorization to purchase surplus government property. (CID Investigation Report (DE 1-8) at 1). CID then interviewed witnesses, who explained that they saw plaintiff taking government equipment from various locations or mailing government equipment home after scratching off or removing the serial

numbers. (CID Investigation Report (DE 1-8) at 1; CID Investigation Report (DE 1-12) at 1-2).

After gathering the witness testimony, CID arrived at plaintiff's family residence on February 21, 2013, and obtained consent from plaintiff's wife to search the house. (CID Investigation Report (DE 1-13) at 1-2). Plaintiff's wife produced receipts she claimed accounted for the property. (See CID Investigation Report (DE 1-13) at 1-2; Receipts (DE 1-14)). Plaintiff's wife also asserted the investigation was a reprisal for the complaint she had previously filed against her supervisors. (CID Investigation Report (DE 1-13) at 1-2; Cynthia Graham Decl. (DE 1-17) at 3-4). After the search of plaintiff's home, CID conducted noncustodial interviews with plaintiff on March 15, 2013, and May 1, 2013. (CID Investigation Report (DE 1-22) at 1; CID Investigation Report (DE 1-24) at 1-2; Jonathan Graham Decl. (DE 1-25) at 1).

Upon reviewing the evidence obtained from CID's investigation, the AUSA assigned to the case concluded on April 23, 2015, that probable cause,[3] and therefore titling, was appropriate for offenses of conspiracy to commit theft and receipt of stolen property, stating "[plaintiff's] treatment of the property does appear highly irregular and inappropriate, particularly scratching off serial numbers from the property . . . ." (Report of Disciplinary Action (DE 1-11) at 6). However, the AUSA concluded that evidentiary issues would make it difficult to prove the property was stolen, and thus no criminal charges were brought for the offenses. (Report of Disciplinary Action (DE 1-11) at 6). In sum, the CID properly carried out its investigation of plaintiff, and such investigation was not motivated by plaintiff's race.

Plaintiff conclusively asserts that CID engaged in "Jim Crow era law enforcement" by

---

[3] "Probable cause exists where 'the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." Brinegar v. United States, 338 U.S. 160, 175–76 (1949) (internal citation omitted).

investigating him for illegal activity because he is black and the witnesses that said he stole government property were white. (See Pl. Resp. (DE 27) at 5, 6, 13). Plaintiff ignores the "obvious alternative explanation" that CID conducted its investigation based on the content of the witnesses' statements and the evidence it gathered. Iqbal, 556 U.S. at 682.

A thorough review of plaintiff's pleading, including the voluminous records regarding CID's investigation, convinces the court that allowing further leave to amend[4] would be futile. See Mason, 774 F.3d at 830 ("In light of 'the great danger of unnecessarily impairing the performance of a core executive constitutional function,' [plaintiff] must demonstrate 'clear evidence' of racially animated selective law enforcement."). Accordingly, plaintiff's Fifth Amendment claim is dismissed with prejudice.

## CONCLUSION

Defendant's motion to dismiss (DE 23) is GRANTED. Plaintiff's remaining Bivens claim is DISMISSED WITH PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this the 2nd day of May, 2019.

LOUISE W. FLANAGAN
United States District Judge

---

[4] As noted above, the court previously allowed plaintiff leave to amend his complaint after ruling on defendant's first motion to dismiss. (See Order (DE 17) at 15). At that juncture, plaintiff declined to amend his complaint.